■    In the Matter of ALVIN CHRISS, an Attorney.— Motion granted, and respondent reinstated as an attorney and counselor at law of the State of New York. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Kupferman, JJ.

## (May 8, 1973)

■    MILTON PUTTERMAN, Respondent, v. MORTON D. WEINER, Defendant, and MYRON G. NEWBERGER et al., Appellants.— Order, Supreme Court, New York County, entered on October 27, 1972, denying defendants-appellants' motion for summary judgment dismissing the causes of action in the complaint to the extent that they seek rescission of an agreement between the parties, dated July 1, 1970, unanimously reversed, on the law, so far as appealed from, and the motion granted. Appellants shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff has failed to completely lay bare his proof or to factually rebut the detailed factual showing made by appellants in support of their motion. Appellants established that plaintiff, with knowledge of the facts which underlie his present claims, ratified the agreement he now seeks to rescind. Over three weeks after entering into that agreement and more than two weeks after the termination of his employment with Milo Electronics, Inc., plaintiff, after redeeming 83,333 pledged shares of Milo and after discussing the matter with his attorney, instructed said attorney to deliver those shares to appellants in accordance with the agreement of July 1. Such actions constitute a ratification of the subject agreement and a bar to plaintiff's attempt to rescind it (Restatement, Contracts, § 484). Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

■    In the Matter of ALLAN BERNARDINI, Respondent-Appellant, v. PORT OF NEW YORK AUTHORITY, Appellant-Respondent.— Order and judgment (one paper), Supreme Court, New York County, entered in this article 78 proceeding on August 9, 1972, unanimously modified, on the law, without costs and without disbursements, to the extent of reinstating respondent's determination and dismissing the petition, and otherwise affirmed. There is ample evidence in the record to support the finding that petitioner, a Port Authority police officer for but 14 months, provoked an off-duty altercation during which he unjustifiably employed a weapon or weapons which had been entrusted to him in his official capacity. Respondent's determination that petitioner be removed from his police position and be offered a nonpolice position, did not constitute an abuse of discretion, and, under the circumstances, was appropriate. Concur — Stevens, P. J., Markewich, Murphy, Steuer and Capozzoli, JJ.